IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WOLFGANG RUST, BOBBY CONN, and OTHER PEODISC 3ELEAFA PRISONERS, ) ) ) ) | CASE NO. 4:08CV3185 |
| Plaintiffs, ) ) | |
| ) | MEMORANDUM |
| v. ) ) | AND ORDER |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES RELIGION STUDY COMMITTEE, et al., ) ) ) ) ) | |
| Defendants. ) | |

Plaintiffs filed their Complaint on August 26, 2008. (Filing No. 1.) Plaintiffs have previously been given leave to proceed in forma pauperis. (Filing Nos. 13, 14.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.    INITIAL REVIEW OF COMPLAINT

   A.    Summary of Complaint

Plaintiffs filed their Complaint on August 26, 2008, against the Nebraska Department of Correctional Services Religion Study Committee ("DCS Religion Study Committee"), and seven individuals. (Filing No. 1 at CM/ECF pp. 1-2, 5-9.) The DCS Religion Study Committee is sued in its official capacity, and the individuals are sued in both their official and individual capacities. (Id.) Plaintiffs are currently incarcerated within the Nebraska Department of Corrections ("DCS"). (Id. at CM/ECF p. 5.)

Condensed and summarized, Plaintiffs allege they practice the "Theodish Belief," a "Teutonic Heathen faith [from] Northern Europe." (Id. at CM/ECF pp. 10-11.) Plaintiffs allege that Defendants imposed a substantial burden on Plaintiffs' ability to exercise their

belief because Defendants refused to accept basic Theodish belief doctrines. (*Id*. at CM/ECF pp. 32-49.) Specifically, Plaintiffs allege that Defendants refused to provide Plaintiffs with "separate time and space for Theodish worship," certain "organic foodstuffs" necessary for their religion, and a "grant for an 'Automated Reference Center Computer.'" (*Id*.) Plaintiffs also allege Defendants will not allow Plaintiffs to participate in the "sacramental Feast and Mead." (*Id*. at CM/ECF pp. 3, 41.) Plaintiffs further allege that they are being indoctrinated by "unwanted religious messages," because they can hear other "faith groups" worship in the penitentiary's religious chapel. (*Id*. at CM/ECF p. 45.)

Plaintiffs seek injunctive relief in the form of a court order that directs Defendants to recognize Theodish belief doctrines. (*Id*. at CM/ECF pp. 49-55.) Plaintiffs also seek monetary relief in the amount of $20,000.00, for each Plaintiff, for First Amendment and RLUIPA violations ($10,000.00 for First Amendment and $10,000.00 for RLUIPA). (*Id*. at CM/ECF p. 52.) In addition, Plaintiffs request any "additional relief as this Court may deem just and proper." (*Id*.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

2

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

    **C.**    **Discussion of Claims**

        **1.**    **Class Representatives**

Plaintiffs, as pro se litigants, may not represent other parties, even in class action proceedings. "Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action." *Craig v. Cohn,* 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (citations omitted); *see*

*also* *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."); *Fymbo v. State Farm Fire and Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."); *Allnew v. City of Duluth,* 983 F.Supp. 825, 831 (D. Minn. 1997) ("To this extent, we join those Courts which have determined that the rights and interests of potential class members are of too critical importance to be entrusted to a litigant who is not ably assisted by fully competent legal counsel. While one may elect to risk his or her own rights and interests by self-representation, jeopardizing the rights of all who may fall within the putative class is a far more daunting consideration.").

Other "PEODISC 3ELEAFA PRISONERS" are listed as Plaintiffs in this matter. (Filing No. 1 at CM/ECF p. 1.) However, as set forth above, this action may not proceed as a class action because Plaintiffs Rust and Conn cannot serve as class representatives for any purported class of "prisoners." In addition, only Plaintiffs Rust and Conn have signed the Complaint. (*Id.* at CM/ECF p. 54.) As such, this action will proceed only with Rust and Conn as Plaintiffs.

### 2. Plaintiffs' RLUIPA Claims

Plaintiffs assert claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Section 2 of RLUIPA relates to land-use regulation, and section 3 relates to religious exercise by institutionalized persons. *Cutter v. Wilkinson,* 544 U.S. 709, 715-16, 725 (2005) (resolving circuit split and upholding institutionalized-persons provision of RLUIPA as constitutional). Section 3 provides that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1. This section only applies to programs that receive Federal financial assistance. *Cutter*, 544 U.S. at 715-16. However, because every state, including Nebraska, accepts federal funding for its prisons, this section applies to Plaintiffs' claims. *Id.*, at 715 n.4.

Here, Plaintiffs allege that they are institutionalized persons. (Filing No. 1 at CM/ECF p. 5.) In addition, Plaintiffs allege that Defendants' refusal to accept Theodish belief doctrines imposed a substantial burden on Plaintiffs' religious exercise. (*Id.* at CM/ECF pp. 32-49.) Liberally construed, the court finds that Plaintiffs' allegations are sufficient to nudge their RLUIPA claims across the line from conceivable to plausible. As a result, Plaintiffs' RLUIPA claims against Defendants may proceed. However, the court cautions Plaintiffs that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiffs' claims or potential defenses thereto.

### 3. Plaintiffs' First Amendment Claim

The court also liberally construes Plaintiffs' Complaint to allege claims under the First Amendment. Prison inmates "do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

These protections include a prisoners free exercise rights under the First Amendment. *See Pell v. Procunier*, 417 U.S. 817, 822 (1974). However, a prison can limit these rights with restrictions that are "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89 (1987); *e.g. Hamilton v. Schriro,* 74 F.3d 1545, 1550 (8th Cir. 1996), *cert. denied*, 519 U.S. 874 (1996) (applying *Turner* standard to prisoner's free exercise claim).[1] Under *Turner*, several factors are considered when evaluating the reasonableness of a prison regulation or policy: (1) whether there is a valid, rational connection between the regulation and the asserted governmental interest; (2) whether alternative means for exercising the right remain open to the prisoner; (3) the impact of the regulation on prison staff, other inmates, and the allocation of prison resources; and (4) the availability of ready alternatives to the regulation. *Turner*, 482 U.S. at 89-91.

Here, Plaintiffs allege that Defendants' refusal to recognize Theodish belief doctrines deprived Plaintiffs of their free exercise rights under the First Amendment. (Filing No. 1 at CM/ECF pp. 47-48.) Plaintiffs also allege that Defendants' policies prevent Plaintiff's from worshiping in a way that "will maintain Plaintiffs' spiritual wholeness." (*Id.*) Liberally construed, the court finds that Plaintiffs' allegations are sufficient to nudge their First Amendment claims across the line from conceivable to plausible. However, the court cautions Plaintiffs that this is only a preliminary determination based only on the allegations of the Complaint and is not a determination of the merits of Plaintiffs' claims or potential defenses thereto.

---

[1] Although the "compelling governmental interest" test applies to statutory claims under RLUIPA, courts still use "the *Turner* factors to analyze the reasonableness of the restriction" for First Amendment free exercise claims. *Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 983 (8th Cir. 2004).

6

## II. APPOINTMENT OF COUNSEL

Both Plaintiff Rust and Plaintiff Conn seek the appointment of counsel. (Filing No. 7; Filing No. 8.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Plaintiffs' requests for the appointment of counsel are therefore denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff Wolfgang Rust's Motion to Appoint Counsel (Filing No. 7) is denied without prejudice;

2. Plaintiff Bobby Conn's Motion to Appoint Counsel (Filing No. 8) is denied without prejudice;

3. Plaintiffs "PEODISC 3ELEAFA PRISONERS" are dismissed from this action;

4. Plaintiffs' RLUIPA and First Amendment claims against Defendants may proceed as set forth in this Memorandum and Order and service is now warranted;

5. To obtain service of process on Defendants, Plaintiffs must complete and return the summons form which the Clerk of the court will provide. The Clerk of the court shall send FIFTEEN (15) summons forms and FIFTEEN (15) USM-285 forms (for service on Defendant DCS Religion Study Committee in its official capacity only and for service on the individual Defendants in both their individual and official capacities) to Plaintiffs together with a copy of this Memorandum and Order. Plaintiffs shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur;

6. Upon receipt of the completed forms, the Clerk of the court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S.

     Marshal for service of process.  The Marshal shall serve the summons and Complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.  The Clerk of the court will copy the Complaint, and Plaintiffs do not need to do so;

7. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint.  However, because in this order Plaintiffs are informed for the first time of these requirements, Plaintiffs are granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

8. Plaintiffs are hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

9. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**March 31, 2009**: Check for completion of service of summons"; and

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiffs shall keep the court informed their current addresses at all times while this case is pending.  **Failure to do so may result in dismissal.**

DATED this 1st day of December, 2008.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge