IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WOLFGANG RUST, and BOBBY CONN, | ) ) ) | 4:08CV3185 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES RELIGION STUDY COMMITTEE, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

All of Plaintiffs' claims but the following have been dismissed or denied. (Filing No. 67 at CM/ECF p. 31.) That said, Judge Smith Camp has denied a motion for summary judgment thus necessitating a non-jury trial on the following issues:

1.    Under RLUIPA, does the practice of scheduling a combined worship time for Theodish Belief and Asatru practitioners further a compelling governmental interest and is such a practice the least restrictive means available?

2.    Under the First Amendment, and applying the *Turner* factors[1], is the practice of scheduling a combined worship time for Theodish Belief and Asatru practitioners reasonably related to legitimate penological objectives?

3.    If Plaintiffs prevail on one or more of these questions, should the court grant relief to Plaintiffs and, if so, in what form?

---

[1]*See Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 983 (8th Cir. 2004) (applying *Turner v. Safley*, 482 U.S. 78 (1987)).

Judge Smith Camp has previously determined that Plaintiffs sincerely hold religious beliefs that combined worship for Theodish Belief and Asatru practitioners violates the tenets of Theodish Belief (filing no. 67 at CM/ECF p. 16 & n. 1) and that combined worship time imposes a substantial burden on Plaintiffs' religious exercise. (Filing No. 72 at CM/ECF p. 5.)  Therefore, those matters will not be at issue during the trial.

I have consulted with Judge Smith Camp in my capacity as Supervising Pro Se Judge.  She has asked that I appoint counsel.[2]   She has also asked that I enter an appropriate progression order.[3]  With these requests in mind,

IT IS ORDERED that:

1.    With thanks for accepting the appointment, Gene Summerlin is hereby appointed to represent Plaintiffs.  The Clerk of the court shall provide Mr. Summerlin with a copy of this Memorandum and Order.

2.    Mr. Summerlin shall promptly enter his appearance.

3.    No later than Monday, May 17, 2010, Mr. Summerlin shall consult with counsel for Defendants and then schedule a telephone conference with counsel for Defendants, the undersigned and Mr. Summerlin.  Mr. Summerlin should contact my assistant Kris Leininger to schedule the telephone conference.   The purpose of the conference will be to discuss

---

[2]Chief Judge Bataillon has been consulted and agrees that counsel may be appointed.  Plaintiffs have previously requested the appointment of counsel. (Filing Nos. 7 and 8.) *see also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . .")

[3]After I issue the progression order, the pro se staff will no longer have any responsibility for this case.  At that point, this case will be handled by Judge Smith Camp's chambers with the assistance of Magistrate Judge Gossett.

the entry of an appropriate progression order.

4.     Upon the entry of Mr. Summerlin's appearance, the Clerk of the court shall immediately pay the sum of $1,000 to Mr. Summerlin.

5.     A second and the last installment of $1,000 shall become due and payable upon the entry of judgment in the district court or upon an order terminating Mr. Summerlin's service as Plaintiffs' attorney.

6.     Mr. Summerlin may incur reasonable expenses when representing Plaintiffs in accordance with parts III(A), VI(C), VI(E), VI(F), VI(G), VI(H), and VI(I) of the *Amended Plans for Administration of the Federal Practice Funds and Federal Practice Committee* (available at http://www.ned.uscourts.gov/pom/crtplans/index.html).   *See also* NEGenR 1.7(g) and NECivR 54.3-54.4.

7.     If this suit results in an award of attorney fees pursuant to 42 U.S.C. § 1988, Mr. Summerlin shall reimburse the Federal Practice Fund from that award for the lesser amount of (a) the attorney's fee and expenses authorized in this order or (b) the attorney's fee and expense awarded pursuant to 42 U.S.C. § 1988.  He shall retain the greater of those two amounts.

8.     The Clerk of the court shall provide Plaintiffs, counsel for Defendants, Chief Judge Bataillon and Judge Smith Camp with a copy of this Memorandum and Order.

April 23, 2010.                              BY THE COURT:

                                             *Richard G. Kopf*
                                             Supervising Pro Se Judge

---

   *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.