FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2010 DEC 14  PH 12: 55

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WOLFGANG RÜST and BOBBY CONN, )
                                )
        Plaintiffs,             )
                                )
    v.                          )
                                )
NEBRASKA DEPARTMENT OF          )
CORRECTIONAL SERVICES           )
RELIGION STUDY COMMITTEE, AND   )
ROBERT P. HOUSTON, FRANCIS X.   )
HOPKINS, LARRY WAYNE, KATHY     )
BLUM, JOE BALDASSANO, STEVE     )
MARSH, and TARN E. DAVIS, in their )
official and individual capacities. )
                                )
        Defendants.             )

Case No.: 4:08CV3185

STIPULATED JUDGMENT

The Parties jointly and respectfully move this Court to enter a final stipulated judgment in this case in favor of the Plaintiffs and against the Defendants on the terms and conditions identified below:

1.     The Plaintiffs filed a civil rights action for damages, declaratory relief, and injunctive relief pursuant to 42 U.S.C. § 2000cc, et. seq. and 42 U.S.C. § 1983. The Plaintiffs alleged that the Defendants violated their rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. The Plaintiffs sought declaratory and injunctive relief requiring the recognition of Théodish Beliefs as a separately accommodated religion from Ásatrú, a separate worship space and time from Ásatrú practitioners, and the allowance of the possession of personal and communal religious property for the

practice of Théodish Beliefs.

2.  The Parties hereby agree that Defendants will recognize Théodish Beliefs as a separate religion from Ásatrú and will accommodate Théodish Belief practices consistently with the Department of Correctional Services ("DCS") policies. The Defendants agree to revise Administrative Regulation 208.01 to include Théodish Beliefs as an accommodated religious faith group separate from the Ásatrú faith group.

3.  The Parties hereby agree that Defendants will separately schedule worship services for Théodish Belief Practitioners on the combined worship grounds and educational instruction at different times from Ásatrú services and instruction pursuant to Administrative Regulation 208.01 and consistent with the safety, security and good order of the institution.

    A.  Specifically, Théodish Belief Practitioners are entitled to 1 weekly worship opportunity on the combined worship grounds, special worship opportunities on the combined worship grounds and weekly educational instruction consistent with Administrative Regulation 208.01 and the worship and educational opportunities provided to other faith groups.

    B.  The Parties hereby agree that the Plaintiffs will provide NSP officials with the names, dates and times of requested worship services at least 90 days in advance. NSP reserves the right to schedule special worship opportunities on alternate dates and times depending on institutional needs, including celebrating special worship opportunities on the same

2

day as their regularly scheduled worship.

4.    The Parties hereby agree that NSP officials will allow Théodish Belief Practitioners to purchase and consume organic food in accordance with Administrative Regulation 208.01 during the feast days.  Plaintiffs will provide the NSP Religious Coordinator with a list of the specific organic foods to be used during the feast days and requested quantities of the identified foods for approval pursuant to Administrative Regulation 208.01. The requested organic food must not require special handling procedures (i.e., refrigerated storage and kitchen preparation) and  Théodish Belief Practitioners must pay for any food items so ordered.  The organic food items must be available from a commercial source through mail order or delivery.

5.    The Parties hereby agree that NSP will revise Administrative Regulation 208.01 to allow Théodish Belief Practitioners to procure the following communal religious property:

A.    2 drinking horns and stands;

B.    Brisingamen (Torque)

C.    Rune staff

D.    Oath Ring

E.    Blotorc (blessing bowl)

F.    Sutton Harp

G.    Hand Drum

H.    Hand Rattles

3

I.    Wood wand

J.    Miniature plow

K.    Candles and candle holder

L.    Religious banners

M.    Sea Salt (within quantities set by NSP)

N.    Evergreen sprigs/boughs

O.    Miniature wagon

P.    Altar clothes

Q.    Yule log

R.    Herbs: Sage, Chamomile, Angelica, Rosemary, Cumin, Flax, Dried Parsley, and Fennel (within quantities set by NSP and may not be mixed or ingested)

S.    Plain white bandanas a/k/a Halth

T.    Sounding - Blowing horn/stand

U.    Yarn

V.    Wooden sword (½ inch diameter by 20 inches in length)

W.    Runes/Rune bag and cloth

X.    Hammer (wood)

Y.    Besom (broom) - (no longer than 3 feet)

Z.    Recelfaet (incense holder/burner)

AA.    Stones/crystals (limit 12 total with maximum diameter of 2 inches)

BB.    Boar's tusk - no longer than 4 inches

4

CC.   Wooden spoon/ladle

DD.   Anointing oil

EE.   Rune Cards (dimensions can be up to 2.75" x 5")

FF.   Artificial Sprinkling twig (must meet NSP security approval)

GG.   Hobby Horse (1'2 in diameter x 4' in length)

HH.   Organic Whole wheat cracker (sample size for ceremonial purposes)

II.   Existing Altar affixed to the religious use land

JJ.   Weohas

6.   With regard to the Eormensyl (World Pillar), tables, chairs and other ancillary items as provided to other faith groups, medallions (for personal or communal use), the personal possession of religious items and the services of a Dycraeftig, the Plaintiffs may make application for the same pursuant to the requirements of Administrative Regulation 208.01.

7.   The Parties agree that NSP will provide Théodish Belief Practitioners with a separate storage unit to store their communal religious property.

8.   The Parties agree that they will, in good faith, attempt to reach an agreement on the amount of attorneys' fees owed to Plaintiffs' attorneys. If the parties are unable to reach an agreement on attorneys' fees, Plaintiffs' attorneys will file a Motion for Award of Attorneys' Fees and supporting materials within 60 days of the date of the Stipulated Judgment.

9.   The Parties agree that as a result of this Stipulated Judgment, all claims brought by Plaintiffs against the Defendants in this action, other than claims

5

for attorneys' fees, are resolved.

Dated this 13th day of December, 2010.

WOLFGANG RÜST AND BOBBY CONN,
Plaintiffs.

BY:   OGBORN SUMMERLIN & OGBORN PC
      V. GENE SUMMERLIN - 19611
      610 J Street, Suite 200
      Lincoln, NE 68508
      (402) 434-8040
      gene@osolaw.com


BY:   s/V. Gene Summerlin

      and

NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES RELIGION
STUDY COMMITTEE, and ROBERT P.
HOUSTON, FRANCIS X. HOPKINS, LARRY
WAYNE, KATHY BLUM, JOE BALDASSANO,
STEVE MARSH, and TARN E. DAVIS, in their
official and individual capacities,
Defendants.

BY:   JON BRUNING, #20351
      Attorney General


BY:    s/Ryan C. Gilbride

      Ryan C. Gilbride, #22415
      Assistant Attorney General
      2115 State Capitol
      Lincoln, NE 68509
      (402) 471-9656
      ryan.gilbride@nebraska.gov

IT IS ORDERED THAT the foregoing Stipulated Judgment is approved, the parties are order to perform the Stipulated Judgment, the Clerk shall enter the Stipulated Judgment and any application for attorneys fees shall be filed no later than 60 days after the date last below written.

DATED this _14_ day of December, 2010.

BY THE COURT:

Laurie Smith Camp
United States District Judge

7